Barker, J.
A careful reading of the evidence has satisfied our minds, that the deceased at the time of the making of the will, possessed testamentary capacity. During the early period of his fife he was a man of average mental ability, of fair intelligence, and enjoyed the society and respect of his neighbors and the persons with whom he associated, who were mostly a community of farmers. We fail to discover in the period of his fife, subsequent to his second marriage, any marked change in his mental faculties or general demeanor. His physical suffering and bodily ailments were of ,sucha nature as to deprive him of the ability to take active physical exercise or to give much attention to business, and enforced upon him the necessity of remaining in and about his house during the inclement weather. This inactive life, together with his physical condition, were doubtless the cause of the mental depression, which was observed on a few occasions by some of the witnesses. The law has fixed no standard of mental capacity, which it is necessary for a person to possess to enable him to make a testamentary disposition of his property
*174 This has been stated in many cases, to which it is not necessary to refer on this occasion. The statute has declared who may and may not dispose of his property by a, last will and testament.
As to realty, “ all persons, except idiots, persons of unsound mind,” and as to personal property, “every person * * * of sound mind and memory, and no other,” may give, devise and bequeath their property by an instrument in writing, executed in conformity to statutory-regulations. 2 Eev. Stat., 57-60 §§ 1, 2.
The courts have sought, on many occasions, to interpret the language of the statute with a view of formulating, as far as possible, a general rule by which the requirements-of the statute can be readily understood and applied to in-individual cases, as they arise, with their varying and widely different state of facts, features and circumstances. The rule, as collated from the cases, is fully and. cautiously stated in a leading case as follows: '‘The testator must have sufficient active memory to collect in his mind, without prompting, the particulars or elements of the business .to be transacted, and to hold them in his mind a sufficient length of time to perceive, at- least, their obvious relation to each other and be able to form some rational judgment in relation to them, A testator who has sufficient mental power to do these things, is, within the meaning and intent of the statute of wills, a person of sound -mind and memory, and is competent to dispose of his estate by will. Delafield v. Parish, 25 N Y., 9.
That Mr. Baird’s mind was up to this standard of capacity, we are well satisfied from all the evidence; and that he had sufficient intelligence to comprehend the condition of his property, and the scope, meaning and effect of the provisions of the will. Therefore the contestants’ objection to the will, -on the ground of the absence of testamentary capacity on the part of the testator, cannot be sustained.
As to the alleged fraud and undue influence claimed by the contestants to have been imposed upon the testator by Mrs. Baird, under the influence of which it is claimed he was induced to dispose of his property in the manner indicated in the will, the evidence does not disclose a state of facts which would sustain a refusal to probate the will upon that ground. The contestants held the affirmative on that, issue. We do not feel called upon, in view of all the evidence bearing on that question, to collate and comment upon the circumstances upon which the appellants base their contention that the will was produced by undue influence exercised by the wife of the testator, A testator has a right to dispose of his estate in any way he may deem. *175 best. He is not required to make an equitable will, and he may, if he choose, exclude all or a portion of his children, or divide his estate among them equally. The question, in all cases, is, was the will a free act of a competent testator.
The allegation of undue influence on the part of Mrs. Baird, in procuring the will, has its chief support in the change of testamentary intention of the testator, as manifest in his last will and testament, to the prejudice of his sons, James and William, and bestowing all his estate upon his widow and his daughter, the only surviving child by the last marriage. A change of testamentary intention, as bearing upon the question of undue influence, in procuring a will is sometimes an important circumstance. But its force depends mainly upon its connection with the other facts and circumstances of the case. Horn v. Pullman, 72 N. Y., 269.
This brings us to the consideration of the exceptions taken by the appellants to the exclusion of evidence offered by them in support of the allegation of undue influence. The offer consisted of statements and admissions claimed . to have been made by Mrs. Baird to third persons, after the execution of the will, which, if competent, would have tended to support the charge of fraud and undue influence on her part. It is not disputed but that the rejected evidence would have been competent as against Mrs. Baird, if she had been the only party to be affected by it. She was a party to the record, and the fact in issue involved her personal conduct and tended to prove that probate of the will should have been refused if she alone was to be affected thereby.
It is also contended that the evidence was competent as against the other legatee, the infant daughter of the deceased. The admissions, for the purpose for which they were offered, were, as wé think, clearly incompetent,. The infant legatee claimed her interest in the estate of the testator by and through the will, and she could not be divested of such interest by ihe admissions and statements of another, although such person was also a party to the record and claimed an interest in the estate by and under the same instrument Such a rule of evidence would be manifestly unfair and unjust, and has no existence in the laws of evidence as established m this state. The question is to be determined by the general rules of evidence, and the principles upon which they are founded, as there is no exceptional rule applicable to controversies relative to the validity of wills. The admissions of a party to the record, against his interest, are as a general rule competent evidence against him, and apply in all cases where there are *176 other parties jointly interested with the party making the admission, ana then the evidence affects all alike.
But this rule does not apply to cases where there are other parties to be affected who have not a joint interest, or do not stand in some relation or privity to the party whose admission was relied upon. A mere community of interest is not enough. 1 Greenleaf’s Evidence, § 176; Shailer v. Bumstaed, 99 Mass., 112, 127; Osgood v. Manhattan Co., 3 Cow., 612.
One tenant in common cannot admit away the rights of his co-tenants. Dan v. Broum, 4 Cowen, 492.
Nor can the admission of one or two joint contractors, where they are not partners, deprive the other of his defense where both are sued upon a joint covenant in the contract. Lewis v. Woodworth, 2 Com., 512.
In the case of partners, each partner is the agent of the firm and of other partners, and has a right to act for all the members of the firm, and the rule that the admission of a party jointly interested with another affects and binds both, is applicable to this and a kindred class of cases. But we need only to say in disposing of the question as now presented that the rule invoked has no application. In a legal sense, the devisees and legatees under the will m question are not jointly interested.
They have a common interest in maintaining the probate of the will, but the interest and estate devised to each by the testator is entirely separate and distinct, as to both the real and personal estate. The will contained a separate gift of personal property to the widow, which was identified by a special description.
By another clause, the use and income of all the remainder of the personal property was bequeathed to the widow during the minority of the other legatee, and upon the latter’s attaining full age, the same is to be divided between them equally.
In the next clause, the use of a house and lot is given to Mrs. Baird during the minority of her daughter, and, upon the latter’s reaching her maiority the same is to be sold by the executors and the proceeds equally divided between them. Their respective estates in the property thus devised and bequeathed are separate and distinct from the time they became vested by the death of the testator Neither has any power, in any way or manner, to manage, sell or control the interest of the other. It was not competent, therefore, to receive the rejected evidence as against Mrs. Baird, for it could not be used without injuriously affecting the other legatee, against whom it was entirely incompetent. The probate of the will must be admitted or rejected as a whole under the laws of this state
*177 It has been held in many cases that devisees and legatees have not such a joint interest in the will which will make the admissions of one, though a party to the record in probate proceedings, admissible as against other legatees who .are also parties to the same record. 1 Greenleafs Evidence, § 176; Shailer v. Bumstead, 99 Mass., 112; Clark v. Morrison, 25 Pa. St., 453; Brush v. Holland, 3 Bradf., 240.
The appellants cite and rely upon the case of Horn v. Pullman (10 Hun, 473) as an authority in support of their argument that their exception to the rejection of the evidence was well taken. On reading the opinion of the court in that case it will be observed that it was stated that by the will under consideration the property disposed of was given to the legatees jointly, and for that reason the admission of one of them was competent as against the other in probate proceedings without giving the language of the will which created the joint estate. That case was affirmed in the court of appeals. (72 N. Y., 269), but the court declined to pass upon the question of evidence which was discussed in the opinion of the general term.
The ruling of the surrogate, made upon the objection of the infant legatee, excluding the declarations of Mrs. Baird, made before her marriage" with the deceased, in which she stated the object and purpose she had in view in seeking a marriage with the testator were, for the same reason, properly rejected.
Several other exceptions were taken by the contestants to the rulings of the surrogate in excluding items of evidence, which have been considered, and no error is discovered in making the same.
The decree should be affirmed, without costs of this appeal to either party.
All concur.